FILED by VK  D.C.
ELECTRONIC
Nov. 07, 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:_____

LEONARDO AGUILAR, an individual,     07-22903-CIV-SEITZ-MCALILEY

    Plaintiff,

vs.

DUNBAR ARMORED, INC., a Maryland
Corporation,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, LEONARDO AGUILAR (hereinafter the "Plaintiff"), sues the Defendant, DUNBAR ARMORED, INC. (hereinafter the "Defendant"), and alleges:

### JURISDICTION

1. Plaintiff is a resident within this judicial district and is otherwise *sui juris*.

2. Defendant is a Maryland corporation conducting business and with offices within this judicial district. Jurisdiction is proper under Section 1331 of Title 28 in that the claims alleged in this complaint arise under 18 U.S.C.A. § 2520.

3. This court has pendent jurisdiction over the Plaintiff's claims in Counts Three, Four and Five because they arise from a nucleus of operative facts common to those causes arising under 18 U.S.C.A. § 2520, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience, and fairness to the parties.

### THE PARTIES

4. The Defendant is a company offering armored car services to its customers.

---

THE SAENZ LAW FIRM, P.A.

777 Brickell Avenue, Suite 1114        Telephone: 305.577.0000
Miami, Florida 33131                   Facsimile: 305.577.0282

5. Plaintiff is an employee of the Defendant employed as a security officer and driver for the Defendant's armored cars since September 10, 2007

## STATEMENT OF FACTS

6. During Plaintiff's employment with the Defendant, the Defendant installed cameras and audio-recording devices in the armored cars being driven by the Plaintiff, with a capability of taping and listening to all conversations of third parties with the Plaintiff and the Defendant recorded in audio and video the Plaintiff's conversations with third parties.

7. Plaintiff was unaware of the taping and listening capabilities of the system installed by the Defendant until on or about October 22, 2007 when the Plaintiff inadvertently discovered his supervisors, including Mr. Julio M. Morales, and co-workers watching videos and listening audio recordings of Plaintiff's similarly situated co-worker drivers, whose conversations and images were being taped, recorded and played at the Defendant's offices.

8. Thereafter, the Plaintiff's supervisors mocked and ridiculed the Plaintiff by showing Plaintiff's videos and audio recordings to the Plaintiff's co-workers and by asking the Plaintiff if he wanted to "see something funny" and to come see and hear himself in the recorded videos and audio tapes.

9. Defendant unlawfully recorded all conversations of the Plaintiff in the above-mentioned armored cars in violation of state and federal law, entitling Plaintiff to damages.

10. Defendant intercepted the telephone conversations described in paragraphs 6 and 7 above without the Plaintiff's knowledge or consent and without the knowledge or consent of any of the third parties to whom the Plaintiff spoke, or for the purpose of committing a criminal or tortious act in violation of federal or state law.

THE SAENZ LAW FIRM, P.A.

777 Brickell Avenue, Suite 1114        Telephone: 305.577.0000
Miami, Florida 33131                   Facsimile: 305.577.0282

## COUNTY I:
## UNLAWFUL INTERCEPTION OF
## PLAINTIFF'S WIRE COMMUNICATION

11. Plaintiff re-states and re-alleges paragraphs 1 through 10 as if fully set out here.

12. The Defendant intercepted the Plaintiff's conversations, while driving the Defendant's armored cars, in violation of 18 U.S.C.A. § 2511(1)(a).

13. Plaintiff is informed and believes the recording device in the aforementioned armored cars was illegal.

14. The Plaintiff is entitled to relief for the Defendant's violation of 18 U.S.C.A. § 2511(1)(a) under 18 U.S.C.A. § 2520.

**WHEREFORE,** the Plaintiff prays judgment against the Defendant and for the following further relief against Defendant:

   a. For actual damages for violation of the Federal Wiretapping Act in an amount to be proved at trial;

   b. For statutory damages $100.00 per day or $10,000.00, whichever is greater;

   c. For punitive damages for violation of the Federal Wiretapping Act;

   d. Attorney's fees and costs; and

   e. For such other and further relief as to the Court appears proper and just.

## COUNT II:
## UNLAWFUL DISCLOSURE AND
## USE OF PLAINTIFF'S WIRE COMMUNICATION

15. Plaintiff re-states and re-alleges paragraphs 1 through 10 as if fully set out here.

16. The Defendant disclosed and used the contents of the intercepted conversations in violation of 18 U.S.C.A. § 2511(1)(c) and 18 U.S.C.A. § 2511(1)(d).

17.    The Plaintiff is entitled to relief for the Defendant's violations of 18 U.S.C.A. § 2511(1)(c) and 18 U.S.C.A. § 2511(1)(d) under 18 U.S.C.A. § 2520.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendant and for the following further relief against Defendant:

a. For actual damages for violation of the Federal Wiretapping Act in an amount to be proved at trial;

b. For statutory damages $100.00 per day or $10,000.00, whichever is greater;

c. For punitive damages for violation of the Federal Wiretapping Act;

d. Attorney's fees and costs; and

e. For such other and further relief as to the Court appears proper and just.

## COUNT III:
## VIOLATION OF FLORIDA WIRETAPPING ACT

18.    Plaintiff re-states and re-alleges paragraphs 1 through 10 as if fully set out here.

19.    This is an action under Fla. Stat. § 934.10.

20.    The Defendant intercepted the Plaintiff's conversations while driving the Defendant's armored cars in violation of Fla. Stat. § 934.03(1)(a).

21.    The Defendant disclosed and used the contents of the intercepted above-referenced conversations in violation of Fla. Stat. § 934.03(1)(b).

22.    The Plaintiff is entitled to relief for the Defendant's violations of Fla. Stat. § 934.03(1)(a) and Fla. Stat. § 934.03(1)(b) under Fla. Stat. § 934.10.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendant and for the following further relief against Defendant:

a. For actual damages for violation of the Federal Wiretapping Act in an amount to be proved at trial;

THE SAENZ LAW FIRM, P.A.

777 Brickell Avenue, Suite 1114        Telephone: 305.577.0000
Miami, Florida 33131                   Facsimile: 305.577.0282

b. For statutory damages $100.00 per day or $1,000.00, whichever is greater;

c. For punitive damages for violation of the Federal Wiretapping Act;

d. Attorney's fees and costs; and

e. For such other and further relief as to the Court appears proper and just.

## COUNT IV:
## INVASION OF PRIVACY—INTRUSION

23. Plaintiff re-states and re-alleges paragraphs 1 through 10 as if fully set out here.

24. The Defendant intentionally intruded upon the Plaintiff's seclusion by its conduct.

25. The Defendant's intentional intrusion upon the Plaintiff's seclusion was offensive and objectionable to the Plaintiff and would be offensive or objectionable to a reasonable person.

26. The Plaintiff is entitled to relief for the Defendant's tortious intrusion upon the Plaintiff's seclusion.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages, prejudgment interest, costs and for all other relief this Court deems just and proper.

## COUNT V:
## INVASION OF PRIVACY—DISCLOSURE OF PRIVATE INFORMATION

27. Plaintiff re-states and re-alleges paragraphs 1 through 10 as if fully set out here.

28. The information disclosed by the Defendant was private and confidential information not intended for public dissemination.

29. The Defendant acted with malice and evidenced a wanton disregard of Plaintiff's reputation, character, and feelings.

30. Since learning of the publication of the aforementioned videos and audio recordings, Plaintiff's peace of mind has been destroyed and Plaintiff has suffered mental anguish and distress resulting in the undertaking of therapy, all to Plaintiff's damage.

*Aguilar v. Dunbar Armored, Inc.*

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages, prejudgment interest, costs and for all other relief this Court deems just and proper.

### JURY DEMAND

Corea and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: __November 5__, 2007.

                                      Respectfully submitted,

                                      By: _____
                                      R. Martin Saenz, Esq.
                                      Fla. Bar No. 0640166
                                      THE SAENZ LAW FIRM, P.A.
                                      SunTrust Bank Building
                                      777 Brickell Avenue, Ste. 1114
                                      Miami, Florida 33131
                                      Telephone: (305) 577.0000
                                      Facsimile: (305) 577.0282
                                      Email: saenzlawfirm@gmail.com

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
LEONARDO AGUILAR, an individual

## DEFENDANTS
DUNBAR ARMORED, INC., a Maryland Corporation

**(b)** County of Residence of First Listed Plaintiff: MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: STATE OF MARYLAND
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
R. MARTIN SAENZ
THE SAENZ LAW FIRM
777 BRICKELL AVENUE, SUITE 1114
MIAMI, FL 33131

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Miami-07CV22903 PAS/McAliley

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☑ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |

FILED by INTAKE
NOV 07 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO      b) Related Cases ☐ YES ☑ NO

JUDGE _____      DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

18 U.S.C.A. 2520 - DEFENDANT ILLEGALLY WIRETAPPED PLAINTIFF.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 55,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD     DATE 11/5/07

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 969458
11/07/07